539 P.2d 623

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ishmael Lopez LARA, Defendant-Appellant.**

**No. 1911.**

Court of Appeals of New Mexico.

July 30, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Donald Klein, Jr., Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Don Montoya, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Florentino Guilez was shot to death. Defendant was charged with the killing. Defendant's brother Ronnie was a defense witness. Cross-examining Ronnie, the district attorney asked:

> "In spite of the fact that your brother [defendant] was advised of his rights and signed that [advice of rights form], your brother wouldn't tell the Police anything about the shooting, would he."

The trial court ruled the question improper and, at the defendant's request, instructed the jury to disregard the question. Defendant was convicted of murder in the second degree. Section 40A–2–1(B), N.M.S.A.1953 (2d Repl.Vol. 6). His appeal asserts: (1) the prosecution may not call attention to the silence of the accused at the time of his arrest, and (2) the prosecution having impermissibly done so, there was plain error requiring a new trial. Under the circumstances of this case, we agree.

An issue at trial was who shot Guilez. The State's theory was that defendant did the shooting. The defense theory was that Ronnie did the shooting. Both Ronnie and defendant testified that Ronnie shot Guilez. Ronnie's trial testimony was inconsistent with his statement to the police that defendant did the shooting. Defendant gave no statement to the police. In closing argument the district attorney contended the theory that Ronnie shot Guilez was a fabrication developed subsequent to Ronnie's statement.

*United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99, was decided by the United States Supreme Court June 23, 1975. When arrested for robbery and advised of his constitutional rights, Hale remained silent. Hale testified at his trial. His testimony was exculpatory and included an explanation of the money in his possession when arrested. The government asked Hale why he had not explained the possession of the money to the police. The trial court instructed the jury to disregard the question but refused to declare a mistrial. Affirming a reversal of Hale's conviction, the United States Supreme Court held "the probative value of respondent's pretrial silence in this case was outweighed by the prejudicial impact of admitting it into evidence."

There is no claim that defendant's failure to speak could be considered an admission or confession by silence. See *United States v. Hale, supra; State v. Hovey,* 80 N.M. 373, 456 P.2d 206 (Ct. App.1969). There is a tenuous claim that defendant's silence after being arrested was inconsistent with his trial testimony. It was on the basis of such an asserted inconsistency that the government sought to impeach the credibility of Hale. The government claimed that Hale's "silence at the time of his arrest is probative of the falsity of his explanation later proffered at trial * * *." *United States v. Hale, supra,* found alternative explanations for pretrial silence and held the silence was insufficiently probative of an inconsistency to warrant admission. In so holding, *Hale* states: "In most circumstances silence is so ambiguous that it is of little probative force." *United States v. Fairchild,* 505 F.

2d 1378 (5th Cir. 1975) states: "But, to be admissible, keeping silence must be much more than ambiguous. It must appear to be an act blatantly inconsistent with the defendant's trial testimony."

■ The State argues that such a blatant inconsistency exists in this case. During cross-examination of a police officer, the defense brought out that the defendant voluntarily helped the police locate a gun of the same caliber as the gun used in the shooting. From this one question the State contends defendant raised the question of his cooperation with law enforcement officials and had opened the door to a full development concerning that cooperation. The argument is that defendant's silence is inconsistent with and has probative value on the subject of defendant's cooperation. The State relies on *United State v. Fairchild, supra,* but the facts in *Fairchild* are different. Defense counsel in *Fairchild* "was obviously trying to create the impression that Fairchild *actively* cooperated with the police in order to build up his client in the eyes of the jury * * *." *United States v. Fairchild, supra,* footnote 8. Evidence that defendant helped the police find a gun does not support an inference of full and active cooperation, which was the situation in *Fairchild.*

■ Defendant's silence in this case was ambiguous and was not blatantly inconsistent with his trial testimony. There is no showing that Defendant's silence had any significant probative value. The district attorney's question was improper. The trial court correctly ruled the question, directing attention to defendant's silence, was not to be answered. Our decisions have consistently held that such questions are improper. *State v. Lopez,* 84 N.M. 402, 503 P.2d 1180 (Ct.App.1972); *State v. Carlton,* 82 N.M. 537, 484 P.2d 757 (Ct. App.1971); *State v. Hovey, supra.* In *State v. Lopez, supra,* we declined to review the error because the issue was raised for the first time on appeal and, at that time, we had no "plain error" rule. We now have a "plain error" rule; it appears

as New Mexico Rule of Evidence 103(d). There being no basis for a question concerning defendant's silence, the district attorney's question was "plain error" because it was a comment by the district attorney on defendant's silence. *Deats v. Rodriguez,* 477 F.2d 1023 (10th Cir. 1973).

What results from this error? *State v. Hovey, supra* and *State v. Carlton, supra,* found the question concerning defendant's silence to be improper, but in neither case was there a reversal. Both decisions recognized the danger that the jury might equate defendant's failure to talk with guilt. Both decisions examined the circumstances and ruled defendant was not prejudiced by questions concerning a defendant's silence.

Our understanding of *United States v. Hale, supra,* is that if the reference to a defendant's silence lacks significant probative value, the reference to silence has an intolerable prejudicial impact requiring reversal. *United States v. Hale,* states:

"The danger is that the jury is likely to assign much more weight to the defendant's previous silence than is warranted. And permitting the defendant to explain the reasons for his silence is unlikely to overcome the strong negative inference that the jury is likely to draw from the fact that the defendant remained silent at the time of his arrest.

* * * * * *

. . . We now conclude that the respondent's silence during police interrogation lacked significant probative value and that any reference to his silence under such circumstances carried with it an intolerably prejudicial impact."

■ In this case, the question directing the jury's attention to defendant's silence was asked of the brother and not the defendant. This makes no difference; the prejudicial impact is the same. See *State v. Rowell,* 77 N.M. 124, 419 P.2d 966 (1966).

■ *United States v. Hale, supra,* has modified the approach taken in *State v.*

**236**

*Hovey, supra* and *State v. Carlton, supra*, and those decisions are to be applied in the future only to the extent they are consistent with *United States v. Hale, supra*. Specifically, we will no longer weigh the prejudicial impact of improper questions concerning defendant's silence. If defendant's silence lacks significant probative value, any reference to defendant's silence has an intolerable prejudicial impact requiring reversal.

Oral argument is unnecessary. There being no basis in this case for questions concerning defendant's silence, the judgment and sentence are reversed. The cause is remanded with instructions to grant defendant a new trial.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.