648 P.2d 307

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Ernest RAMIREZ, Defendant-Appellant.**

**No. 13904.**

Supreme Court of New Mexico.

July 12, 1982.

Michael L. Rosenfield, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

RIORDAN, Justice.

On the Court's own motion, the opinion filed on June 30, 1982 is withdrawn and the following opinion substituted.

Defendant Ernest Ramirez (Ramirez) was convicted of first degree murder and sentenced to life imprisonment. Ramirez appeals. We reverse.

The issues on appeal are:

I. Whether the Assistant District Attorney's comment in closing argument violated Ramirez' fifth amendment right to remain silent, and constituted fundamental error despite opposing counsel's failure to object.

II. Whether the trial court erred in admitting testimony of Ramirez' alleged flight from prosecution.

I. *Fifth Amendment*

In his closing argument to the jury, Assistant District Attorney Ron Walker stated:

Nowhere during this period of time does this Defendant come forward and most of all, nowhere does he come forward and produce the gun that can acquit him or maybe show he didn't fire the fatal shot.

Counsel for Ramirez did not object to this statement, nor did Ramirez testify at trial.

█ We find that Mr. Walker's improper statement to the jury clearly violated Ramirez' fifth amendment right to remain silent and constituted fundamental error despite opposing counsel's failure to object.

The fifth amendment to the United States Constitution, applicable to the States through the fourteenth amendment, states that:

[n]o person shall be held to answer for a capital, or otherwise infamous crime, * * * nor shall he be compelled in any criminal case to be a witness against himself, * * * without due process of law * * *.

U.S.Const.Amend. V. In *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the United States Supreme Court held that upon arrest, Fifth Amendment protection warnings have to be stated to the individual. One of these warnings includes the individual's right to remain silent. In *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the United States Supreme Court held that a prosecutor is forbidden to comment on the accused's silence, and a judge is forbidden to give jury instructions that such silence is evidence of guilt. New Mexico's Evidence Rule 513(a), N.M.S.A.1978, states that:

The claim of a privilege, whether in the present proceeding or upon a prior occasion, is not a proper subject of comment by judge or counsel. No inference may be drawn therefrom.

In *State v. Lara*, 88 N.M. 233, 234, 539 P.2d 623, 624 (Ct.App.1975), the prosecutor asked the defendant's brother:

In spite of the fact that your brother [defendant] was advised of his rights and signed that [advice of rights form], your brother wouldn't tell the Police anything about the shooting, would he.

The Court of Appeals in *State v. Lara, supra*, held that any reference to the defendant's silence had an intolerable prejudicial impact that would require a new trial. In *State v. Baca*, 89 N.M. 204, 549 P.2d 282 (1976), we limited *State v. Lara, supra*, to those times when the *prosecutor is directly responsible* for the improper comment on the defendant's silence. (*Baca* involved the unsolicited statements of a policeman witness.)

In the present case, Mr. Walker commented directly on Ramirez' silence in his closing argument to the jury in violation of the fifth amendment. Under both *Lara* and *Baca* such a comment by the prosecutor constitutes fundamental error and mandates a new trial. The State argues that unless a timely objection was made to Mr. Walker's statement, the error is waived and cannot be raised or appealed. We find that Ramirez' failure to object to this closing argument is not fatal in light of *State v. Baca, supra*, 89 N.M. at 205, 549 P.2d at 283:

Any reference to the defendant's silence by the state, if it lacks significant probative value, constitutes plain error * * *. As such it would require reversal, as stated in the Lara case, even if the defendant fails to timely object.

II. *Flight from Prosecution*

█ State's witness, police officer David Pacheco, obtained an arrest warrant

for Ramirez on April 17, 1980. Ramirez was arrested a year later. At trial, the court permitted Officer Pacheco to testify over objections concerning Ramirez' flight and the efforts undertaken to effect his arrest during that year. He stated:

We were unable to locate him, personally locate him in Roswell. We sent a warrant out to the field contacting informants, we entered him in the N.C.I.C. computer, the National Crime Information Center, and we made contact with other departments, specifically the Carlsbad Police Department, Sergeant Sadler. We publisized [sic] the fact of the warrant with both the local Crime Stop Program and the State-wide Crime Stopper Program.

Evidence of Ramirez' flight *from the scene* of the crime is admissible and relevant because it tends to show a consciousness of his guilt. *State v. Trujillo*, 95 N.M. 535, 624 P.2d 44 (1981). Ramirez admits that flight testimony is admissible. However, where there is no evidence that Ramirez knew of the efforts undertaken by the authorities to apprehend him during the time he was sought, the specific details of those efforts are irrelevant and immaterial and therefore inadmissible.

In light of the disposition of this case under point I, we find it unnecessary to decide whether the admission of testimony of the efforts undertaken by the police to arrest Ramirez constitutes reversible error.

We reverse the defendant's conviction and grant Ramirez a new trial.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.