712 P.2d 1375

**Jorge GARCIA, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

No. 15848.

Supreme Court of New Mexico.

Jan. 27, 1986.

Joseph William Reichert, Albuquerque, for petitioner.

Paul Bardacke, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

RIORDAN, Chief Justice.

Petitioner, Jorge Garcia (Garcia), was convicted of receiving stolen property. The Court of Appeals affirmed the trial court. We granted certiorari and reverse the Court of Appeals.

Garcia raises two issues on appeal. Because one of the issues is dispositive, it is unnecessary to address the other. The issue we address is whether Garcia's refusal to consent to an automobile search may be used against him at trial as proof of his guilt.

Garcia was taken to the Artesia Hospital by his nephew, a juvenile, for treatment of a shoulder injury. While Garcia waited for treatment, his nephew entered a laboratory and took $122.00 from the purse of a technician. The technician, Linda Dozier, upon returning to the laboratory, saw the nephew leave. Dozier became suspicious because there was no reason for the nephew to be in the laboratory. She checked her purse and found that her money was missing.

Dr. Yeich walked by and Dozier told him what happened. Together they went outside and saw Garcia and his nephew leaving in a car. Dr. Yeich flagged down the car and asked the men if he could help them. They explained that Garcia was hurt and needed medical attention. Dr. Yeich told them to go into the hospital and they would be helped.

In the meantime, the police had been called and arrived while Garcia was being treated. Both Garcia and the nephew denied any knowledge of the theft. They consented to a search of their persons. Nothing was found. The police then requested permission to search the vehicle. Garcia said he would not allow a search without a warrant. The police tried to get a warrant from the judge in Artesia, but he was out of the state. Again, the police asked Garcia if he would consent to a search and again, Garcia refused. The police then searched without a warrant and found $122.00 in cash under the dashboard. The bills were in the same denominations as reported missing by Dozier.

At trial, the nephew testified that he had taken the money but had concealed this fact from Garcia. Garcia did not testify. Over objection, evidence of Garcia's refusal to consent to the warrantless search of the car was introduced during the direct testimony of the police officers. A major part of the state's closing argument dealt with the fact that Garcia had consented to a body search, but had refused to consent to a search of the car. Garcia contends that the court erred in allowing this evidence and in allowing the prosecutor to comment on this evidence. We agree.

Garcia has a right to refuse to consent to a warrantless search without such refusal later being used to implicate his guilt. "If the government could use such a refusal against the citizen, an unfair and impermissible burden would be placed upon the assertion of a constitutional right...." *United States v. Prescott*, 581 F.2d 1343, 1351 (9th Cir.1978). It cannot be evidence of a crime for a citizen to refuse entry to his or her home or possession such as an automobile. *Id.*

■ The right to refuse entry when an officer does not have a warrant is equally available to the innocent as well as to the guilty. This right is analogous to the right to remain silent; a refusal to permit a search is as ambiguous as invoking silence was held to be in *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975) and *State v. Lara*, 88 N.M. 233, 539 P.2d 623 (Ct.App.1975). The court in *Hale* stated that the arrestee was under no duty to speak and had even been advised that he had the right to remain silent. Using the same reasoning, Garcia had the right to oppose a warrantless search of his car. "One cannot be penalized for ... asserting this right, regardless of one's motivation." *United States v. Prescott*, 581 F.2d at 1351. Further, NMSA 1978, Evid. Rule 513(a) (Repl.Pamp.1983) states that "[t]he claim of a privilege ... is not a proper subject of comment by judge or counsel. No inference may be drawn therefrom." Thus, Garcia's refusal to allow the warrantless search cannot be used as proof of his guilt.

The Court of Appeals relied on *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980) which analyzed the probative value versus the prejudicial effect of the defendant's pre-arrest silence. In *Jenkins*, the defendant invoked the right to remain silent and then subsequently testified. The court held that evidence used to impeach a defendant does not appreciably impair the underlying constitutional liberty and defendant's previous silence was used to impeach his trial testimony. The rationale used in *Jenkins* would not apply to the facts in this case.

■ The Court of Appeals in *State v. Lara* held that any reference to defendant's silence had an intolerable prejudicial impact requiring reversal and a new trial. *See also State v. Ramirez*, 98 N.M. 268, 648 P.2d 307 (1982). Garcia's refusal to allow the search could not be mentioned unless he testified to the contrary on direct examination. Garcia did not testify. Therefore, the testimony regarding his refusal to allow the warrantless search and the reference to it by the state in closing argument had an obvious and extreme prejudicial impact and requires reversal of Garcia's conviction.

Further, even without this prejudice, it appears from the record that there was insufficient evidence to go to the jury. We therefore reverse the conviction and order that Garcia be discharged.

IT IS SO ORDERED.

FEDERICI, STOWERS and WALTERS, JJ., concur.

SOSA, Senior Justice, specially concurs.

SOSA, Senior Justice, Specially Concurring.

Because I agree with the majority's disposition of this case, I concur as to the result. I must write separately, however, inasmuch as the majority has neglected to address the important issue of the warrantless search of Garcia's automobile. That search was not justified by the presence of exigent circumstances and was, therefore, improper.

Garcia moved to suppress the fruits of the warrantless search. At the evidentiary hearing, the evidence indicated that four officers were on the scene; two secured the car during the first attempt to obtain a warrant. The officers believed that they had probable cause to search the car, though not to arrest Garcia. The court took judicial notice of the fact that the next nearest magistrate who could have issued a search warrant was in Carlsbad, a distance of 35 miles. The trial court concluded that the search was justified because the extra driving time made the circumstances exigent.

In upholding the validity of the search, the court of appeals seriously misinterpreted the ruling of this Court in *State v. Capps*, 97 N.M. 453, 641 P.2d 484 (1982). In *Capps*, the court would permit, upon a valid stop by a police officer, a thorough search of an automobile and its contents where there is probable cause to search.

Nevertheless, "[a]lthough there is probable cause, the second factor, exigent circumstances, must also be present." *Id.* at 456, 641 P.2d at 487. The court of appeals decision stated that "the mobility of an automobile automatically provides the exigent circumstances if the justification for the search arose suddenly and unexpectedly." *State v. Garcia*, 24 SBB 502, 504 (Ct.App.1985). This phraseology is overbroad, misleading, and still does not eliminate the need for a factual showing of exigency. In the case at bar, that showing simply was not made. Indeed, the facts indicate that there was time to attempt to obtain a warrant. Exigent circumstances did not come into being simply because the first judge was unavailable. The car was under observation in a parking lot, not beside the highway somewhere. At the hearing, officer Wesson testified that the decision to forego a warrant was based as much on convenience to the police as on a fear that the evidence would be removed. The Fourth Amendment requires that a citizen's expectation of privacy prevail over law enforcement efficiency. The United States Supreme Court has declared that:

> [The warrant requirement] is not an inconvenience to be somehow "weighed" against the claims of police efficiency. It is, or should be, an important working part of our machinery of government, operating as a matter of course to check the "well-intentioned but mistakenly over-zealous executive officers" who are a part of any system of law enforcement.

*Coolidge v. New Hampshire*, 403 U.S. 443, 481, 91 S.Ct. 2022, 2045, 29 L.Ed.2d 564 (1971), (*quoted in State v. Warren*, 103 N.M. 472, 479, 709 P.2d 194, 201 (Ct.App. 1985)). *See also Steagald v. United States*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981).

Moreover, *Capps* and the federal cases which support it [1] are not really apposite to the facts here. In *Capps*, justification to search arose only after the police had

---

**1.** At the suppression hearing, the State relied on the case of *United States v. Milhollan*, 599 F.2d

518 (3rd Cir.) *cert. denied* 444 U.S. 909, 100 S.Ct. 221, 62 L.Ed.2d 144 (1979), discussed at length

stopped the car, smelled marijuana and interrogated the occupants. The Garcia vehicle was never stopped by the police at all; when the officers arrived, the occupants of the car were inside the hospital. Thus this case falls within the ambit of *Coolidge,* which insisted on a warrant for the search of defendant's car parked in his driveway, after he had been arrested in his home. The United States Supreme Court has not renounced the holding in *Coolidge,* nor its precept that "[t]he word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." *Coolidge,* 403 U.S. at 461–62, 91 S.Ct. at 2035–36. *See also United States v. Ross,* 456 U.S. 798, 828 n. 1, 102 S.Ct. 2157, 2174 n. 1, 72 L.Ed.2d 572 (1982) (Marshall, J., dissenting). The trial court erred in refusing to suppress the fruits of a warrantless automobile search, absent a showing of exigent circumstances.

in *State v. Capps.* That case is distinguishable because there the automobile search came after a valid arrest. Search of the defendant's person incident to the arrest yielded the car keys. The *Capps* court noted that the probable cause arose "suddenly and unexpectedly ... [from] events surrounding the arrest...." *Capps,* 97 N.M. at 456, 641 P.2d at 487. Here the officers admitted that they lacked probable cause to arrest Garcia.