779 P.2d 971

STATE of New Mexico,
Plaintiff–Appellee,

v.

Kirk Richard ZELINSKE,
Defendant–Appellant.

No. 10664.

Court of Appeals of New Mexico.

July 25, 1989.

Hal Stratton, Atty. Gen., Margaret Mc-Lean, Ass't Atty. Gen., Santa Fe, for plaintiff-appellee.

Paul J. Kennedy, Albuquerque, for defendant-appellant.

OPINION

ALARID, Judge.

Defendant appeals his conviction for attempted possession with intent to distribute cocaine, entered on his plea of no contest. He appeals from an order denying his motion to suppress the evidence against him based upon the trial court's finding

that there were "sufficient and complete" grounds for issuance of a search warrant. Defendant contends on appeal that police did not have 1) reasonable suspicion sufficient to justify detaining him or requesting the search of the luggage in the trunk of his vehicle; 2) probable cause to justify seizure of his person and the vehicle, after he withdrew his consent to search; and 3) probable cause sufficient for issuance of a warrant to seize and search the contents of a container revealed by the initial search of his luggage. We determine that the police did not have probable cause developed prior to defendant's withdrawal of his consent and that the evidence seized should have been suppressed. Accordingly, we reverse.

FACTS

State Police Officer Misener conducted a consensual search of defendant's rented vehicle at a roadblock set up by state police to check driver's licenses and compliance with New Mexico motor vehicle laws. Although defendant produced a valid driver's license and a rental agreement for the car bearing his signature and correct information, Misener requested the search on the basis of his "hunch" that the odor of a deodorizing agent emanating from the car might indicate the presence of narcotics.

When defendant opened a garment bag in the trunk of the vehicle, Misener and a fellow officer, Brittain, saw part of a "heavily taped" cardboard box. Brittain reached into the trunk and "pressed" the box. At this point, defendant zipped the garment bag, put a briefcase that he had also opened for Misener on top of the bag, closed the trunk, and stated that he wanted the search to stop. Both officers believed that the consensual search had terminated and that they required probable cause to continue their investigation. However, based upon the odor of deodorizer and the partially revealed box, both of which they believed indicated the presence of narcotics, the officers determined that they had probable cause to seize defendant and the vehicle. The officers also based their probable cause determination on defendant's withdrawal of consent. Defendant was escorted to the police station, where he was formally arrested. Misener swore out an affidavit to the above-related information and obtained a warrant to search the vehicle and its contents, specifically the box in defendant's garment bag.

The state argues on appeal that the objective facts known to the officers at the point when the consensual search terminated were sufficient, when considered in view of the officers' training, to find probable cause. The state also contends that the officers could rely upon the withdrawal of consent, at the point when the box was revealed by the consensual search, as a factor for probable cause. We disagree with both contentions. We find that defendant withdrew his consent to search before the police had probable cause.

CONSENSUAL SEARCH

Defendant argues that the initial detention and search of the vehicle and luggage at the scene of the roadblock was unlawful because police did not have a reasonable suspicion that a crime had been or was being committed. *See United States v. Brignoni–Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *State v. Galvan,* 90 N.M. 129, 560 P.2d 550 (Ct.App. 1977). Although we do note that the detention and search went well beyond that necessary to accomplish the purposes of the initial stop, defendant's consent validated what might otherwise have been an illegal search. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *State v. Cohen,* 103 N.M. 558, 711 P.2d 3 (1985), *cert. denied,* 476 U.S. 1158, 106 S.Ct. 2276, 90 L.Ed.2d 719 (1986); *State v. Ruud,* 90 N.M. 647, 567 P.2d 496 (Ct.App.1977).

The state's argument concentrates on defendant's arrest and seizure of the vehicle. There is no argument that reasonable suspicion justified the detention at the scene of the roadblock or that probable cause would have justified the search of defendant's vehicle at the scene without his consent. *See United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Nor does the state argue that the search and seizure which followed was justified by defendant's initial consent. *See State v. Va-*

*lencia Olaya*, 105 N.M. 690, 695 and n. 1, 736 P.2d 495, 500 and n. 1 (Ct.App.1987). The state confines its argument to the issue of whether the officers had probable cause at the point when defendant withdrew his consent. That is the crucial question in this case. *See Goldberg v. State*, 407 So.2d 352 (Fla.App.1981).

## PROBABLE CAUSE

■ It is clear that, once defendant withdrew his consent, the police investigation centered on the box. We reject the state's contention that defendant had no reasonable expectation of privacy with respect to a cardboard box. A person's expectation of privacy as regards a container cannot be determined by the nature of the container. *See United States v. Ross; Robbins v. California*, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981). Nor does the extent to which the fourth amendment applies to a container depend on whether it is seized from an automobile. *Arkansas v. Sanders*, 442 U.S. 753, 764 n. 13, 99 S.Ct. 2586, 2593 n. 13, 61 L.Ed.2d 235 (1979). Defendant exhibited an expectation of privacy in the contents of his luggage and the box when he unequivocally withdrew his consent to further search. This subjective expectation of privacy would generally be recognized by society as reasonable. *See State v. Donaldson*, 100 N.M. 111, 666 P.2d 1258 (Ct.App.1983). The search and seizure of the box must be justified by probable cause to believe that the box contained contraband.

The state relies upon a number of factors to argue that: 1) the officers had "reasonable grounds" to believe that defendant had committed a crime, justifying his warrantless arrest under NMSA 1978, Section 66–8–125 (Orig.Pamp.); and 2) the police had probable cause to believe the box contained narcotics, justifying seizure of the vehicle and the later search and seizure of the box pursuant to a warrant.

■ Among the factors relied upon by the state on appeal, we do not consider the validity of the search based upon what was revealed by that search. *See United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948). Nor will we consider facts and circumstances unknown by the officers or considered by them to be insignificant at the time. *See State v. Blea*, 88 N.M. 538, 543 P.2d 831 (Ct.App.1975) (probable cause must be based upon facts and circumstances within officers' knowledge). The state points out that the briefcase defendant opened for Misener contained about $700.00 cash. This too was revealed only after the search warrant was executed. At the time of the seizure, Misener had observed only that the briefcase contained miscellaneous papers and some cash; according to his testimony, this was not suspicious.

■ Nor do we consider Brittain's observation, made for the first time at the suppression hearing, that defendant appeared to him "very nervous," a significant factor in determining whether the officers had probable cause. Brittain testified that he was present only from the time defendant opened the garment bag and that he did not talk to defendant at the scene. Misener, on the other hand, testified that defendant seemed "a bit uneasy" when he was asked to open the briefcase, but complied with the officer's requests. Neither Brittain, in his report on the incident, nor Misener, in his affidavit for the search warrant, mentioned anything about defendant's attitude or state at the time of the search at the roadblock.

■ The officers' testimony at the suppression hearing and Misener's affidavit set forth the facts known to the officers on which they based the probable cause determination: 1) the odor of deodorizing agent emanating from the car; 2) the appearance and feel of the box; and 3) defendant's termination of the consensual search when the officers observed the box.

### 1. Physical facts

Both officers testified that, from their training, they knew that deodorizers are frequently used to mask the odor of narcotics and that contraband is frequently carried in a container like the one they observed in defendant's garment bag. This court recently held that under the plain

view exception to the requirement of a search warrant, a police officer may investigate the contents of a container which is itself contraband and which he is virtually certain contains more contraband. *See State v. Miles*, 108 N.M. 556, 775 P.2d 758 (Ct.App.1989). Further, the supreme court recently held that discovery of marijuana residue on a roach clip found in an automobile provided probable cause to believe the vehicle contained contraband. Thus, we recognize that the presence of certain items in a vehicle may provide probable cause either to search that item, *see State v. Miles*, or to believe that the one who possesses those items is also in possession of contraband. *See State v. Pena*, Ct.App. No. 10,664 (Filed October 27, 1988). This is not such a case. *See, e.g., State v. Durrell*, 111 R.I. 582, 305 A.2d 104 (1973) (brass pipe frequently used for smoking marijuana). The use of neither a deodorizer nor a taped cardboard box, however, can be considered unusual or even uniquely suited to use in the transportation of narcotics. *State v. Galvan* (neutral conduct of defendants did not provide reasonable suspicion).

On this point, this case is similar to *United States v. Recalde*, 761 F.2d 1448 (10th Cir.1985), where defendant was instructed to follow police officers to their station, after a search of his vehicle at the scene revealed nothing unusual. As the *Recalde* court determined that the reasonableness of the detention and investigation ended after the first fruitless search, we hold that the reasonableness of this investigation ended after the consensual search revealed nothing unusual. Probable cause cannot be based on facts which are completely innocent in themselves. *See Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). *See also Reid v. Georgia*, 448 U.S. 438, 100 S.Ct. 2752, 65 L.Ed.2d 890 (1980) (suspicion based on circumstances common to many innocent travelers did not support probable cause).

Cardboard boxes, even heavily taped, and deodorizers are used much more frequently for entirely innocent purposes than for transporting narcotics. *See State v. Anderson*, 107 N.M. 165, 169, 754 P.2d 542,

546 (Ct.App.1988) (facts relied on as part of drug courier profile were generally descriptive of hundreds of innocent persons traveling throughout New Mexico on the interstate every day). This is not a case where facts known to the officers support a conclusion that they recognized criminal activity where an ordinary citizen would not. *See Robbins v. California; State v. Dorsey*, 731 P.2d 1085 (Utah 1986). The observations made by the officers, and their hunches, albeit based on their training, did not give probable cause in the absence of other evidence. *See United States v. Gonzalez*, 763 F.2d 1127 (10th Cir.1985) (search based on officer's intuitions arising from smell of deodorizer in vehicle unreasonable); *Goldberg v. State. Cf. State v. Cohen* (defendants fit drug courier profile and appeared nervous and anxious); *State v. Capps*, 97 N.M. 453, 641 P.2d 484 (1982) (officers smelled talcum powder and marijuana; smell of marijuana alone can satisfy probable cause requirement).

The presence of a deodorizer in the car showed no more than Misener already knew, that the car had recently been taken from a car rental agency. The presence of a taped box in defendant's garment bag showed no more than that defendant was transporting something in a taped box. The state mistakenly relies upon the "plain view" doctrine to justify seizure of the box, arguing that the mere view of the box, the way it was sealed, and Brittain's touch of the box established its contents. As discussed above, we fail to see how the appearance of the box distinguished it from any other cardboard box or proclaimed its contents. *Cf. State v. Miles*. Not only do we not perceive how touching the box established that it contained narcotics, there was no testimony at the hearing to explain how it did establish the contents. Seizure of the box cannot be justified in this case under the plain view doctrine. *See McGee v. State*, 614 P.2d 800 (Alaska 1980) ("plain view" justification for warrantless seizure only where probable cause to believe item seized is fruit, instrumentality or evidence of a crime); *People v. Thiret*, 685 P.2d 193, at 201 n. 8 (Colo.1984) (En Banc) (requiring

present knowledge of facts establishing reasonable nexus between articles seized and criminal activity to establish that seizure was justified under "plain view" doctrine). The seizure of the car and the later search cannot be justified by the officers' observations of physical facts at the scene.

### 2. Defendant's withdrawal of consent

■ The state's argument that the officers had probable cause relies upon the combined factors of the officers' observations and what the officers construed to be an admission by defendant: his withdrawal of consent. We hold that, under these circumstances, defendant's withdrawal of consent, either by itself or when added to the other circumstances known to the officers, did not provide probable cause. Defendant's withdrawal of his consent revealed nothing to the officers regarding the contents of the box. Defendant's words and conduct could be as easily construed to be a desire to prevent further intrusion as it could be an admission that the box contained contraband. Misener admitted that his investigation proceeded on his "hunch" that defendant was involved in criminal activity. That suspicion cannot be transformed into probable cause "by reason of ambiguous conduct which the arresting officers themselves have provoked." *Wong Sun v. United States*, 371 U.S. 471, 484, 83 S.Ct. 407, 415, 9 L.Ed.2d 441 (1963) (considering probable cause to arrest).

Our supreme court has held that a suspect's refusal to consent to a warrantless search of his automobile cannot later be used to implicate his guilt at trial. *Garcia v. State*, 103 N.M. 713, 712 P.2d 1375 (1986). "If the government could use such a refusal against the citizen, an unfair and impermissible burden would be placed upon the assertion of a constitutional right * * *." *Id.* at 714, 712 P.2d at 1376 (quoting *United States v. Prescott*, 581 F.2d 1343, 1351 (9th Cir.1978)). In this case, the state emphasizes that defendant withdrew his consent to search without explanation. As in *Garcia*, we find defendant's conduct as ambiguous as invoking his right to remain silent, and we draw no inference from

defendant's failure to explain what he had a constitutional right to do.

If we were to hold that withdrawal of consent to search by ambiguous words and conduct constitutes a permissible factor for probable cause, we would then be faced with the necessary extention: refusal to consent to intrusion in the first instance could also authorize a warrantless search from the outset of the investigation. If refusal to consent could be a factor for probable cause, an officer who had some suspicion, but less than probable cause, could merely request permission to search and, no matter what the answer, could then proceed to search without a warrant. Such a result would be clearly contrary to the mandates of the fourth amendment.

### SEARCH AND SEIZURE PURSUANT TO THE SEARCH WARRANT

We are mindful that Misener obtained a search warrant, after taking defendant and the vehicle to the station, and that the box was seized pursuant to that warrant. The trial court's order denying defendant's motion to dismiss addresses only the grounds for issuance of that warrant. We determine that the search warrant does not validate the seizure in this case.

The affidavit in support of the search warrant contained no more and actually less information than the officers had when they took defendant and the vehicle to the station. That information did not support an independent judicial assessment of probable cause which would authorize issuance of the warrant. U.S. Const. amend. IV ("no warrants shall issue, but upon probable cause * * *"). Probable cause which will authorize the issuance of a search warrant requires a showing. That showing must be such that a judge or magistrate might reasonably believe an accused is in possession of illegal property, or that the fruits of a crime, or evidence relating to the commission of a crime, exists on the premises sought to be searched. Because the information in the affidavit was less than the officers had, because we have held the officers lacked probable cause, the warrant also is not supported by probable cause. *See State v. Donaldson; State v.*

*Martinez,* 94 N.M. 436, 612 P.2d 228, *cert. denied,* 449 U.S. 959, 101 S.Ct. 371, 66 L.Ed.2d 226 (1980). Having found that there was no probable cause to support the search and seizure, we overrule the district court's finding "that there was sufficient and complete grounds for issuance of the search warrant."

Finally, the warrant was sought and executed while defendant was being detained at the police station and after the officers had seized the vehicle, without probable cause or reasonable grounds for either action. If the officers had lawfully seized the vehicle and had it in custody, they would have been required to obtain a warrant to justify search and seizure of the box. *See Arkansas v. Sanders* (warrantless search invalid because container already in custody); *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). If, on the other hand, the officers had probable cause at the scene of the roadblock, they would have been authorized to conduct a warrantless search as if authorized by a magistrate. *United States v. Ross.* But the warrant issued after the fact does not, in reverse, justify taking defendant and the vehicle into custody. Any evidence obtained after police seized defendant and the vehicle must be suppressed as the fruit of an illegal seizure. *See United States v. Recalde; State v. Wise,* 72 Or.App. 58, 695 P.2d 68 (1985).

CONCLUSION

Based on the facts and circumstances known to the officers when the valid investigatory stop and search had ceased, we find that the arrest, search, and seizure that ensued were based on no more than the officers' unsupported intuition. *See State v. Cohen.* Lacking probable cause, the search which revealed the contents of the box was unreasonable and the evidence seized should have been suppressed. We reverse and remand.

We deny the state's renewed motion to dismiss or for sanctions against defense counsel for failure to file the brief in chief in a timely fashion. We caution defense counsel, however, that where delay in filing a pleading is unavoidable, he nonetheless is responsible for requesting an extention of time. *See* SCRA 1986, 12–309(C).

IT IS SO ORDERED.

BIVINS, C.J., and MINZNER, J., concur.