This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39912**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**NICOLAS C. WILLIAMS a/k/a**
**NICKOLAS WILLIAMS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Erica Schiff, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** After a trial by jury, Nicolas C. Williams (Defendant) was convicted of three counts of criminal sexual penetration against Victim, J.V., contrary to NMSA 1978, Section 30-9-11(E)(6) (2009), and first-degree kidnapping, contrary to NMSA 1978, Section 30-4-1(A) (2003). On appeal, Defendant argues that (1) the district court abused its discretion in admitting propensity testimony in violation of Rule 11-404(B)

NMRA from an alleged victim; (2) the district court impeded Defendant's right to present a defense; (3) the prosecutor committed prosecutorial misconduct in his closing arguments; (4) Defendant was denied effective assistance of counsel; and (5) the above errors, in the aggregate, resulted in cumulative error. Unpersuaded, we affirm.

**BACKGROUND**

**{2}** Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

**DISCUSSION**

**I.    The District Court Did Not Abuse Its Discretion in Admitting Rebuttal Testimony Under Rule 11-404(B)**

**{3}** Defendant first argues that the district court abused its discretion in admitting propensity testimony in violation of Rule 11-404(B) from a second alleged victim: A.T. The State moved to admit this testimony prior to trial under Rule 11-404(B). The district court found the evidence was offered for the proper purpose of establishing identity and modus operandi; however, the district court ultimately denied the motion, concluding that this evidence was more prejudicial than probative.

**{4}** However, before trial Defendant notified the State and the district court of his intention to introduce a polygraph examination taken of Defendant. Because of this, the State asked the district court to reconsider its prior ruling excluding A.T.'s testimony as Defendant's polygraph evidence opened the door to that testimony as rebuttal evidence. The district court ruled that the "State is allowed to rebut the polygraph evidence with specific instances of conduct."

**{5}** "We review the [district] court's decision to admit evidence under Rule 11-404(B) for abuse of discretion." *State v. Otto*, 2007-NMSC-012, ¶ 9, 141 N.M. 443, 157 P.3d 8. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). If we conclude that the trial court abused its discretion we must still consider "whether that error actually prejudiced [the defendant] at his trial; that is, whether the error was harmless." *State v. Gallegos*, 2007-NMSC-007, ¶ 20, 141 N.M. 185, 152 P.3d 828.

**{6}** Rule 11-404(B)(1), (2) provides, in relevant part:

Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

**{7}** "Rule 11-404(B) establishes boundaries for the admission of evidence of other crimes, wrongs, or acts." *State v. Bailey*, 2015-NMCA-102, ¶ 12, 357 P.3d 423. "Rule 11-404(B) prohibits the use of evidence when its purpose is to show criminal propensity: to prove the character of a person in order to show action in conformity therewith." *State v. Ruiz*, 2001-NMCA-097, ¶ 13, 131 N.M. 241, 34 P.3d 630 (internal quotation marks omitted). "In other words, evidence of other misconduct may not be admitted into evidence to demonstrate that because the defendant committed those acts in the past, he is more likely to have committed them at the time of the charged offense." *Bailey*, 2015-NMCA-102, ¶ 12 (internal quotation marks and citation omitted). "Such propensity evidence, although logically relevant to show that the defendant committed the crime by acting consistently with his or her past conduct, is inadmissible due to the likelihood the jury will convict for crimes other than those charged, or because it simply believes the defendant to be a bad person deserving of punishment." *State v. Marquez*, 2021-NMCA-046, ¶ 7, 495 P.3d 1150 (internal quotation marks and citation omitted).

**{8}** Rule 11-404(B) allows admission of such evidence for a purpose other than to show the defendant's propensity towards a bad act—and the list included within Rule 11-404(B) is "not exhaustive and evidence of other wrongs may be admissible on alternative relevant bases so long as it is not admitted to prove conformity with character." *State v. Otto*, 2007-NMSC-012, ¶ 10, 141 N.M. 443, 157 P.3d 8 (internal quotation marks and citation omitted). "Before admitting evidence of 'other crimes, wrongs or acts,' the [district] court must find that the evidence is relevant to a material issue other than the defendant's character or propensity to commit a crime, and must determine that the probative value of the evidence outweighs the risk of unfair prejudice, pursuant to Rule 11-403 [NMRA]." *Id.* Thus, we must decide whether it was an abuse of discretion to allow the testimony of A.T., an alleged former victim of Defendant, to rebut Defendant's polygraph evidence. We conclude that it was not.

**{9}** While Rule 11-404 does not allow propensity evidence, it does allow a defendant to offer evidence of their own pertinent traits, and if this evidence is admitted, the prosecutor may offer evidence to rebut it. *See* Rule 11-404(A)(2)(a) ("[A] defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it."). Because Defendant put his own pertinent traits at issue during trial, it was fair game for the State to offer evidence to rebut this evidence in the form of their own witness. *See id.*

**{10}** In this case, Defendant, through the polygraph evidence, put at issue not only his character for truthfulness, but also whether he has ever used any weapon to force a

prostitute to engage in any sexual act. The district court allowed the State to rebut the polygraph evidence with specific instances of conduct in the form of A.T.'s testimony.

**{11}** At trial, the defense called Mr. Jonathan Pierangeli to testify about the polygraph exam he administered to Defendant. In response to questioning by defense counsel, Mr. Pierangeli testified that he asked Defendant the following relevant questions: "Have you ever used a weapon to force prostitutes to engage in any sexual activity? Did you use any weapon to force a prostitute to engage in any sexual act? And at any time, have you used any weapon to force a prostitute to engage in any sexual acts?" Mr. Pierangeli further testified that "[Defendant] answered them all with a no." Referring to Defendant's answers, defense counsel asked Mr. Pierangeli "So did you find them to be truthful?" To which Mr. Pierangeli answered, "I did."[1] Defense counsel next asked Mr. Pierangeli "Did you detect any deception?" To which Mr. Pierangeli answered, "No sir." Thus, we cannot conclude that the district court abused its discretion in allowing A.T. to testify because the evidence was not propensity evidence, but rebuttal evidence to which Defendant opened the door.[2] *See Otto*, 2007-NMSC-012, ¶ 10 ("[E]vidence of other wrongs may be admissible on alternative relevant bases so long as it is not admitted to prove conformity with character." (internal quotation marks and citation omitted)).

**{12}** We hold that under the facts and circumstances present in this case, it was not error, much less harmless error, for the district court to permit A.T. to testify as a rebuttal witness, rebutting Defendant's claim via polygraph evidence that he had never "used a weapon to force prostitutes to engage in any sexual activity," and his testimony that he had never intimidated a prostitute or anyone else with a weapon.

## II.     The Right to Present a Defense

**{13}** Defendant next argues that the district court impeded his right to present a defense under the due process clause. Apart from statements of counsel, Defendant does not develop this argument. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (providing that appellate courts are under no obligation to review unclear or undeveloped arguments).

**{14}** However, to the extent that we understand this claim, we conclude that it is without merit for the following reasons: (1) Defendant fails to articulate what defense was impeded; (2) Defendant presented the defense of factual innocence based upon the polygraph evidence; and (3) Defendant testified in his own defense telling the jury why he should be acquitted of the charges.

---

[1] We note that neither party objected to this question or answer and that this testimony was solicited by defense counsel of Defendant's expert polygrapher.

[2] We observe that although Defendant claimed that A.T.'s testimony was highly prejudicial, he does not argue that it should have been excluded under Rule 11-403. Rather, he argues that the polygraph testimony did not open the door for A.T.'s testimony, which we have addressed in the body of this memorandum opinion. Consequently, we do not consider whether A.T.'s testimony should have been excluded under Rule 11-403.

### III.    Prosecutorial Misconduct

**{15}**    Defendant next argues that the State committed prosecutorial misconduct during closing argument. "Closing argument is unique. Coming at the end of trial, and often after jury instructions, it is the last thing the jury hears before retiring to deliberate, and therefore has considerable potential to influence how the jury weighs the evidence." *State v. Sosa*, 2009-NMSC-056, ¶ 24, 147 N.M. 351, 223 P.3d 348. What's more, "closing argument, and rebuttal argument in particular, is necessarily responsive and extemporaneous, not always capable of the precision that goes into prepared remarks." *Id.* Our trial courts "strike a balance between these competing considerations by affording counsel reasonable latitude in their closing statements, and by instructing the members of the jury that they are to base their deliberations only on the evidence along with instructions from the court, and not on argument from counsel." *Id.* ¶ 25.

**{16}**    "Prosecutorial misconduct occurs when prosecutorial improprieties had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial." *State v. Hernandez*, 2017-NMCA-020, ¶ 27, 388 P.3d 1016 (internal quotation marks and citation omitted). As our Supreme Court has observed, "the common thread running through the cases finding reversible error is that the prosecutors' comments materially altered the trial or likely confused the jury by distorting the evidence, and thereby deprived the accused of a fair trial." *Sosa*, 2009-NMSC-056, ¶ 34. However, counsel is afforded reasonable latitude in closing arguments, and jury members are instructed that "they are to base their deliberations only on the evidence along with instructions from the court, and not on argument from counsel." *Id.* ¶ 25.

**{17}**    "When an issue of prosecutorial misconduct is preserved by a timely objection at trial, we review the [district] court's ruling on a claim under the deferential standard of abuse of discretion." *State v. Allen*, 2000-NMSC-002, ¶ 95, 128 N.M. 482, 994 P.2d 728 (internal quotation marks and citation omitted). "When the [district] court had no opportunity to rule on a claim of prosecutorial misconduct because the defendant did not object in a timely manner, we review the claim on appeal for fundamental error." *Id.* In both instances—abuse of discretion and fundamental error—the reviewing court "must determine whether the relative weight of the error meets the threshold required to reverse a conviction." *Sosa*, 2009-NMSC-056, ¶ 26.

**{18}**    Our Supreme Court has developed a three-factor test to determine whether the alleged error requires reversal. These factors include: "(1) whether the statement invades some distinct constitutional protection; (2) whether the statement is isolated and brief, or repeated and pervasive; and (3) whether the statement is invited by the defense." *Id.* ¶ 26. The alleged statements that constitute misconduct must also "be evaluated objectively in the context of the prosecutor's broader argument and the trial as a whole." *Id.*

**{19}**    With respect to the first factor, our courts have been most likely to find reversible error where the prosecution's comment invades a distinct constitutional protection—

such as a criminal defendant's privilege against self-incrimination. *See State v. Ramirez*, 1982-NMSC-082, ¶ 7, 98 N.M. 268, 648 P.2d 307 (holding that the state's reference to a defendant's post-*Miranda* silence violated the constitution and constituted reversible error despite defense counsel's failure to object). Under the second factor, extensive and repetitive comments are more likely to result in error, whereas a brief isolated comment made during closing argument is not sufficient to warrant reversal. *See State v. Brown*, 1997-NMSC-029, ¶ 23, 123 N.M. 413, 941 P.2d 494 (stating that "[t]he general rule is that an isolated comment made during closing argument is not sufficient to warrant reversal"); *see also State v. Henderson*, 1983-NMCA-137, ¶¶ 10, 15, 100 N.M. 519, 673 P.2d 144 (reversing where the state told the jury a "true story" about a defendant who was acquitted of rape and went on to commit several more rapes). "Turning to the third factor, we are least likely to find error where the defense has 'opened the door' to the prosecutor's comments by its own argument or reference to facts not in evidence." *Sosa*, 2009-NMSC-056, ¶ 33.

**{20}** Here, Defendant argues that three different statements by the State during closing arguments constitute prosecutorial misconduct. These statements are: (1) Defendant "has a rape fantasy. The problem is he likes to play it out in real life"; (2) Defendant "played out this fantasy on [Victim] because, unfortunately, he couldn't do it at home"; and (3) "You know there's three victims out there; the polygraphers talked about it. You know the defense is concerned about [ten] or [twenty] others."

**{21}** Defendant objected only after the third statement on the grounds that it contained facts not in evidence, but the district court overruled his objection because it was argument. The State argues that we should review the first two statements for fundamental error and the last statement for an abuse of discretion because Defendant only objected after the third statement was made. However, because Defendant objected during closing, we conclude that all three of these statements should be reviewed for an abuse of discretion. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). Even so, none of these three statements rise to the level of an abuse of discretion.

**{22}** Under the first *Sosa* factor, none of the three statements at issue invade a distinct constitutional protection—such as the right to remain silent. *See Sosa*, 2009-NMSC-056, ¶ 27. As for the second factor, while there are three separate statements that Defendant argues constitute misconduct, these statements are argument; as the district court found. *See State v. Venegas*, 1981-NMSC-047, ¶ 12, 96 N.M. 61, 628 P.2d 306 (noting that the state and defendant are "allowed wide latitude in closing argument and the trial court has wide discretion in . . . controlling closing argument"). The case before us is a rape case in which Defendant was charged with criminal sexual penetration and kidnapping. Defendant cannot prevent the jury from hearing the State talk about the evidence that was established at trial during closing simply because the State's doing so hurts Defendant's case.

**{23}** As for the last factor, it appears that Defendant may have invited the most seemingly inflammatory statement. Mr. Mark Handler, a second polygraph expert, was

called as a witness by Defendant. The third statement at issue appears to refer to Defendant asking Mr. Handler the following question: "Here we've got two, three multiple victims, right? And if we had, say, [ten] or [twenty], can we have the same results?" Mr. Handler stated, "Theoretically, yes." During closing, the State brought the jury's attention to this hypothetical question. Later, the State also told the jury "You know there's three victims out there; the polygraphers talked about it. You know the defense is concerned about [ten] or [twenty] others." Thus, although inartfully worded, the State's argument directly referenced a line of inquiry specifically referenced by Defendant during questioning of a witness he called. Thus, we conclude Defendant to have opened the door to this statement. *See Sosa*, 2009-NMSC-056, ¶ 33 (stating "we are least likely to find error where the defense has 'opened the door' to the prosecutor's comments by its own argument").

**{24}** Accordingly, we conclude that the district court did not commit an abuse of discretion by allowing these statements during closing.

## IV.    Ineffective Assistance of Counsel

**{25}** Defendant next argues that his counsel was ineffective because the polygraph examination that was presented at trial was not specific to Victim, and as a result, opened the door to A.T.'s testimony. "To evaluate a claim of ineffective assistance of counsel, we apply the two-prong test [set out] in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44. "That test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Id.*

**{26}** It is true, as Defendant argues, that the use of the polygraph evidence opened the door for A.T.'s testimony; but this was a tactical decision made by Defendant, which we will not second guess on appeal. *See State v. Villa*, 2004-NMSC-031, ¶ 14, 136 N.M. 367, 98 P.3d 1017 ("On appeal, we do not second-guess the tactical decisions of the litigants."); *see also Dylan J.*, 2009-NMCA-027, ¶ 37 ("We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (internal quotation marks and citation omitted)). Furthermore, Defendant's own expert testified that he had to keep the polygraph questions general because Defendant did not remember and could not identify Victim.

**{27}** Under the facts and circumstances of this case, we conclude that Defendant has failed to make a prima facie case for ineffective assistance of counsel. This issue should more appropriately be dealt with via a writ of habeas corpus. Our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal. *See, e.g., State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (stating that "[h]abeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims, because the record before the trial court may not adequately document the sort

of evidence essential to a determination of trial counsel's effectiveness" (internal quotation marks and citation omitted)).

## V.     Cumulative Error

**{28}**     Finally, Defendant argues that all of the alleged errors he has argued above result in cumulative error and deprived him of a fair trial. Because we have concluded there to be no error as raised by Defendant on appeal, there can be no cumulative error. *See State v. Saiz*, 2008-NMSC-048, ¶ 66, 144 N.M. 663, 191 P.3d 521 ("[W]here there is no error to accumulate, there can be no cumulative error."), *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36 n.1, 146 N.M. 357, 210 P.3d 783.

## CONCLUSION

**{29}**     For the reasons set forth above, Defendant's convictions for criminal sexual penetration and kidnapping are affirmed.

**{30}     IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**