This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41247**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MALINDA COHO,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Michelle Castillo Dowler, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant appeals from her bench trial conviction of aggravated driving while under the influence of liquor or drugs (DWI). We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Initially, we note that Defendant's memorandum in opposition abandons all but one issue raised in her docketing statement. [MIO 1] *See Taylor v. Van Winkle's IGA*

*Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned). Defendant pursues her contention that the metropolitan court erred when it considered her refusal to submit to a breath test as consciousness of guilt. [MIO 1] We proposed to affirm on the grounds that New Mexico courts have long held that a fact-finder may reasonably infer consciousness of guilt and fear of the results from a defendant's refusal to take a breath test. [CN 7]

**{3}** Defendant, in her memorandum in opposition, makes numerous arguments challenging *McKay v. Davis*, 1982-NMSC-122, ¶¶ 6, 16, 99 N.M. 29, 653 P.2d 860, which provides that evidence of a breath test refusal as consciousness of guilt is admissible and relevant. First, she argues that because the "[d]rawing [of] an individual's breath or blood for purposes of testing for alcohol content constitutes a search within the meaning of the Fourth Amendment," *see State v. Storey*, 2018-NMCA-009, ¶ 24, 410 P.3d 256, "the breath alcohol test was a warrantless search" and was unreasonable. [MIO 1-2] In support of her contention, she argues that *McKay* did not address the "chilling effect" of a defendant's rights under the Fourth Amendment. [MIO 2] Defendant argues that "[t]he justification for an evidentiary exception found in *McKay* was expressly to punish drivers for asserting their right to refuse to consent to a warrantless search," and that this is contradictory to the holding in *Garcia v. State*, 1986-NMSC-007, ¶ 7, 103 N.M. 713, 712 P.2d 1375, that "[a person] has a right to refuse to consent to a warrantless search without such refusal being used to implicate his guilt." [MIO 3]

**{4}** Although *McKay* did not consider the Fourth Amendment in its analysis and holding that evidence of a refusal to submit to a breath test is admissible and relevant, this Court, in *Storey*, did consider the implications of the drawing of an individual's breath or blood for purposes of testing for alcohol under the Fourth Amendment. 2018-NMCA-009, ¶¶ 23-28. *Storey* recognized a distinction between a blood and breath test, explaining that the Fourth Amendment does not permit warrantless blood draws for alcohol testing as searches incident to arrest because "[i]t is significantly more intrusive," but that warrantless breath alcohol tests "are constitutional as searches incident to arrest." *Id.* ¶¶ 25, 26 (internal quotation marks and citation omitted).

**{5}** Moreover, we are unpersuaded that *Garcia* can be read as holding that evidence of a breath test refusal cannot be used as consciousness of guilt. The issue in *Garcia* addressed whether the defendant's "refusal to consent to an *automobile search* could be used against him at trial as proof of his guilt." 1986-NMSC-007, ¶ 2. The Court explained that "[i]f the government could use such a refusal against the citizen, an unfair and impermissible burden would be placed upon the assertion of a constitutional right" and as such, "[i]t cannot be evidence of a crime for a citizen to refuse entry to his or her home or possession such as an automobile." *Id.* ¶ 7 (internal quotation marks and citation omitted). Because *Garcia* addresses warrantless searches under different circumstances, we conclude that it is not controlling in the instant case. Accordingly, we remain unpersuaded that the proposition in *McKay*—that evidence of a refusal can be used to support consciousness of guilt—does not apply to Defendant's case.

**{6}** Second, Defendant maintains that the reasoning in *McKay* implicates the unconstitutional conditions doctrine because under the Implied Consent Act there is an implicit precondition that "[a]ny person who operates a motor vehicle within this state shall be deemed to have given consent . . . to chemical tests of his breath or blood or both." NMSA 1978, § 66-8-107(A) (1993). [MIO 4] Specifically, Defendant argues that "[m]aking a person agree to irrevocable consent to warrantless searches, . . . and in turn permitting refusal to be used as evidence of guilt, in return for the granting of a driver's license[,] is an unconstitutional condition." [MIO 6] Defendant, however, has cited to no New Mexico law in support of this contention. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists.").

**{7}** Third, Defendant asserts that *McKay* interpreted the Implied Consent Act as calling for an evidentiary exception for the use of refusal evidence, and that there is no statutory support for such an exception. [MIO 7] She further argues that "[i]f the [L]egislature had desired to try and create an evidentiary exception for refusal evidence, it would have said so, as [L]egislatures in other states have." [MIO 7] "[W]e presume that the Legislature knows the law and acts rationally." *Bybee v. City of Albuquerque*, 1995-NMCA-061, ¶ 11, 120 N.M. 17, 896 P.2d 1164. As such, as Defendant acknowledges, had the Legislature intended to clarify or change *McKay*'s interpretation of the Implied Consent Act with respect to the use of a refusal as evidence of guilt, it would have done so. Accordingly, we remain unpersuaded that evidence of a refusal to submit to a breath test cannot be used to show a defendant's consciousness of guilt.

**{8}** Fourth, Defendant states that in *McKay*, the Court cited to a United States Supreme Court case, *Schmerber v. California*, 384 U.S. 757 (1966), to find that the right to self-incrimination was not violated by using refusal as evidence of guilt. She argues that other states have refused to follow *Schmerber*. However, this Court is bound by the precedent set by our Supreme Court. *See Alexander v. Delgado*, 1973-NMSC-030, ¶¶ 8-10, 84 N.M. 717, 507 P.2d 778 (holding that the Court of Appeals is bound by, and may not overrule or deviate from New Mexico Supreme Court precedent). As such, because *McKay* provides that evidence of a breath test refusal may be used to support consciousness of guilt, we are unpersuaded by Defendant's argument.

**{9}** Finally, Defendant challenges the admission of the refusal evidence and argues that this Court should review the issue de novo. [MIO 9] Defendant cites to Idaho law in support of this proposition. However, this Court does not need to rely on out-of-state authorities to decide the issue here. It is well settled that "[w]e review the admission of evidence under an abuse of discretion standard." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

**{10}** Similarly, we are unpersuaded by Defendant's assertion that evidence of a breath test refusal is irrelevant. [MIO 10] Defendant argues that "[t]he innocent and guilty equally can invoke their rights, including the right to refuse to consent to a warrantless search," such that "the refusal evidence does not have 'any tendency to

make a fact more or less probable than it would be without the evidence.'" Rule 11-401(A) NMRA. [MIO 10]. Defendant acknowledges, however, that *McKay* held that "a defendant's refusal to take a chemical test is relevant to show his consciousness of guilt and fear of the test results." 1982-NMSC-122, ¶ 16. As noted above, this Court is bound by the precedent set by our Supreme Court. *See Alexander*, 1973-NMSC-030, ¶¶ 8-10.

**{11}** For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{12}  IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**