[No. F017525. Fifth Dist. Nov. 30, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
CAREY GLEN SNYDER, Defendant and Appellant.

■■■■

## COUNSEL

Scott F. Kauffman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edmund D. McMurray and Jane L. Lamborn, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.\***—On October 18, 1991, the Kern County District Attorney filed an information charging appellant with a violation of Penal Code section 666, petty theft with a prior conviction. On December 16, 1991, the court denied appellant's motion to suppress evidence of the article allegedly stolen. Appellant then entered a guilty plea. On January 14, 1992, the court imposed a sentence of two years in state prison.

Appellant's sole contention on appeal is that the court erred by denying his motion to suppress evidence of the stolen article.

### FACTS

The following facts are drawn from the hearing on appellant's motion to suppress. On September 22, 1991, Bakersfield City Police Officer David Chase went to a drugstore to investigate a complaint that a panhandling White male in his 40's, wearing a yellow shirt with brown stripes, was causing a disturbance in front of the store. When Chase arrived at the store, the only person standing in front of it was appellant, who matched the description of the man.

While Officer Chase talked to appellant, he quickly noticed a large bulge in the front waistband of appellant's trousers. For his own safety, Chase patted appellant down and felt the object. He believed it was a bottle and withdrew it. The bottle, a fifth of brandy, had a price tag from the drugstore on it. Chase asked appellant where he obtained the bottle and appellant said he bought it at a store in neighboring Oildale.

Appellant's trial counsel conceded that Chase's detention of appellant was valid as an investigation of a possible crime. However, she challenged

---

*Before Vartabedian, Acting P. J., Thaxter, J., and Harris, J.

Chase's right to pull out the object after he knew it was a bottle rather than a conventional weapon such as a gun or knife. The prosecution argued that a full fifth of liquor possesses a clear potential for use as a weapon, either as a club or as a cutting weapon if broken. Therefore, the patdown was a legitimate and limited search for the purpose of officer safety as part of a *Terry*[1] stop.

The court agreed with the prosecution. It reasoned the bottle held obvious potential for use as a weapon and cited *People* v. *Autry* (1991) 232 Cal.App.3d 365 [283 Cal.Rptr. 417] (hypodermic syringes were potential weapons and properly seized following a patdown during a *Terry* stop) in denying the motion.

### DISCUSSION

■ On appeal from a denial of a motion to suppress we defer to the trial court's factual findings where supported by substantial evidence, but we must exercise our independent judgment to determine whether, on the facts found, the search and seizure were reasonable under Fourth Amendment standards. (*People* v. *Leyba* (1981) 29 Cal.3d 591, 596-597 [174 Cal.Rptr. 867, 629 P.2d 961].)

■ In *Terry* v. *Ohio, supra,* 392 U.S. 1, the Supreme Court held that a police officer may conduct a limited investigative detention of a person he reasonably suspects is involved in criminal activity and subject that person to a patdown search for weapons where the officer has reason to fear for his safety. In order to justify the detention, the officer must be able to articulate specific facts causing him to suspect that (1) some activity relating to crime has taken place or is occurring or about to occur, and (2) the person he intends to stop or detain is involved in that activity. (*In re Tony C.* (1978) 21 Cal.3d 888, 893 [148 Cal.Rptr. 366, 582 P.2d 957].) The officer's suspicion must be subjectively entertained by him and it must be objectively reasonable for him to do so based on the reasonable beliefs of a similarly trained and experienced officer. (*Ibid.*)

Here, the *In re Tony C.* standards were met because (1) Officer Chase was investigating a report that a panhandler at the drugstore had been creating a disturbance (potentially implicating a violation of Pen. Code, § 415, fighting in public, and/or Pen. Code, § 647, subd. (c), disorderly conduct), and (2) appellant matched the description of the suspect. ■ Appellant concedes

---

[1] *Terry* v. *Ohio* (1968) 392 U.S. 1, 30 [20 L.Ed.2d 889, 911, 88 S.Ct. 1868].

as much and challenges, not the patdown search itself, but Chase's right to withdraw the object after he realized it was a bottle by touching it. Appellant asserts that, unlike a gun or knife, a full fifth of liquor is not a clearly identifiable deadly weapon.

Common experience dictates otherwise. A full liquor bottle carries significant weight and the neck of the bottle may serve as a handle, two characteristics of a club. Once broken, it is effective as a slashing weapon. Both uses make the bottle capable of producing death or great bodily injury, the definition of a "deadly weapon" within the meaning of Penal Code section 245, subdivision (a). Officer Chase testified that, in his experience, people using bottles have inflicted serious injuries upon many victims.

Appellant contends *People* v. *Williams* (1992) 3 Cal.App.4th 1100 [5 Cal.Rptr.2d 59] controls our decision. However, *Williams* is distinguishable on the legal issue involved and on the facts. There, this court held that a patdown search *based solely on Williams's parole status* was invalid. In addition, the officer in *Williams* had no reasonable belief that the suspect was armed and dangerous. Therefore, *Williams* is inapplicable to our decision here.

Appellant also attempts to distinguish *People* v. *Autry, supra,* 232 Cal.App.3d 365, relied on by the trial court, on the twin bases that (1) a hypodermic needle possibly infected with the AIDS virus is a deadly weapon while a full liquor bottle is not, and (2) the defendant in *Autry* made repeated suspicious motions with his hands raising the officer's fears that he might have a concealed weapon, while appellant here did nothing more than stand peaceably in front of the store.

Appellant's first point is dealt with above where we discuss the deadly potential of a full liquor bottle. His second point ignores the facts of this case. It was not necessary for appellant to make suspicious motions because the visible bulge created by the bulk of the liquor bottle announced to Officer Chase the potential of a weapon. Our courts have never held that an officer must wait until a suspect actually reaches for an apparent weapon before he is justified in taking the weapon. Such a holding would eviscerate the reason, officer safety, for a limited patdown during a *Terry* stop.

Here, as in *Autry*, the officer was justified in conducting a limited patdown for weapons and was permitted to withdraw the object discovered during that patdown. We find no error in the trial court's denial of the motion to suppress.

## DISPOSITION

The judgment is affirmed.