ROBINSON, J., dissenting.
¶ 26. The majority's conclusion that refusal to consent to a roadside preliminary breath test (PBT) is admissible as evidence in connection with a charge of criminal refusal to take an evidentiary breath test pursuant to 23 V.S.A. § 1201(b) runs afoul of the Constitution. Because the erroneous admission of evidence concerning defendant's refusal to submit to the PBT was not harmless, I respectfully dissent.
*1237 I. Constitutional Considerations
¶ 27. The PBT is unquestionably a search for the purposes of the Fourth Amendment. In contrast to the evidentiary breath test, nothing in Vermont law provides that drivers impliedly consent to limitations on their right to refuse a warrantless PBT. An individual's refusal to waive a constitutional right-such as the right to refuse a warrantless search-cannot be used against them in a criminal prosecution. Courts have repeatedly applied this principle in concluding that evidence that a driver refused to consent to a search following a roadside stop cannot be used to support reasonable suspicion or probable cause. For these reasons, the trial court's admission of evidence that defendant refused to take the PBT violated defendant's Fourth Amendment rights.[6]
¶ 28. There can be no doubt that "a PBT is a search." State v. Therrien, 2011 VT 120, ¶ 7, 191 Vt. 24, 38 A.3d 1129. As we have explained:
Like breathalyzer tests, PBTs provide a chemical analysis of a citizen's breath for the purposes of calculating blood-alcohol content. The PBT requires the production of "deep lung" breath and tests it for alcohol content. These processes appear to be no less private than those involved in a breathalyzer or a blood test. The administration of the test-in which one must breathe into a small, chemical-analysis device-is a physical intrusion. Common recognition of the sanctity of the person leads us to conclude that a PBT "intrudes into [an] area[ ]" that is the "subject of legitimate expectations of privacy," and thus is a search under both the Vermont and United States Constitutions.
State v. McGuigan, 2008 VT 111, ¶ 11, 184 Vt. 441, 965 A.2d 511 (alteration in original).
¶ 29. The PBT does not fall within any recognized exceptions or potential exceptions to the right to refuse a warrantless search in connection with suspicion of driving while intoxicated. It does not fall within the scope of the warrantless search-incident-to-lawful-arrest exception endorsed by the Supreme Court in Birchfield v. North Dakota, --- U.S. ----, ----, 136 S.Ct. 2160, 2174-85, 195 L.Ed.2d 560 (2016) (concluding Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving). Moreover, Vermont's implied-consent law applies only to the evidentiary breath test, and not the PBT. In particular, Vermont law provides, "Every person who operates, attempts to operate, or is in actual physical control of any vehicle on a highway in this State is deemed to have given consent to an evidentiary test of that person's breath." 23 V.S.A. § 1202(a)(1) (emphasis added). For these reasons, a driver retains a constitutional right to refuse the PBT as a warrantless, unconsented search. McGuigan, 2008 VT 111, ¶ 17, 184 Vt. 441, 965 A.2d 511 (holding defendant "may refuse to submit to" PBT).
¶ 30. The U.S. Supreme Court has recognized that the Constitution forbids the government from pointing to a defendant's post-arrest silence or invocation of the Fifth Amendment privilege not to testify as evidence of guilt. See Doyle v. Ohio, 426 U.S. 610, 618, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) ("[I]t would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered *1238 at trial."); Griffin v. California, 380 U.S. 609, 614-15, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). As the Court explained in Griffin, comment on a defendant's invocation of the Fifth Amendment privilege acts as a penalty imposed for the defendant's exercise of the privilege. 380 U.S. at 614, 85 S.Ct. 1229. "It cuts down on the privilege by making its assertion costly." Id.
¶ 31. The same reasoning supports the conclusion that comment on a defendant's exercise of the Fourth Amendment right to refuse a warrantless search improperly burdens that right. As the Ninth Circuit explained in an often-cited decision, the Supreme Court's reasoning in Griffin
is equally applicable to using against the defendant her refusal to consent to entry into her home without a warrant. The right to refuse protects both the innocent and the guilty, and to use its exercise against the defendant would be, as the Court said in Griffin, a penalty imposed by courts for exercising a constitutional right.
United States v. Prescott, 581 F.2d 1343, 1352 (9th Cir. 1978). Relying on a similar line of reasoning, the vast majority of courts that have reached the question have concluded that an individual's exercise of Fourth Amendment rights by refusing to consent to a warrantless search cannot be used as evidence of guilt.[7]
*1239 ¶ 32. On the basis of this principle, courts have repeatedly recognized that a refusal to consent to a search of a car following a roadside stop cannot be used to support reasonable suspicion or probable cause any more than it can be used as direct evidence of guilt. United States v. Wood, 106 F.3d 942, 946 (10th Cir. 1997) ("The failure to consent to a search cannot form any part of the basis for reasonable suspicion."); In re H.H., 174 Cal.App.4th 653, 94 Cal. Rptr. 3d 450, 453 (2009) (citing and affirming same); Damato v. State, 2003 WY 13, ¶ 19, 64 P.3d 700 (quoting and applying same); see also Frazier v. Commonwealth, 406 S.W.3d 448, 455 (Ky. 2013) ("While [defendant's] refusal to consent to a search may have aggravated the officers, that refusal cannot be considered as a basis for reasonable suspicion of criminal activity, as such a determination would violate the Fourth Amendment."); Longshore v. State, 399 Md. 486, 924 A.2d 1129, 1159 (2007) ("[A] person's refusal to consent to a warrantless search cannot form the basis of reasonable suspicion or probable cause."); People v. Kavanaugh, 320 Mich.App. 293, 907 N.W.2d 845, 849 n.7 (2017) (holding that defendant's refusal to consent to search is not grounds for reasonable suspicion and that consideration of refusal would violate Fourth Amendment). Cf. Florida v. Royer, 460 U.S. 491, 498, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) (holding that refusal to listen to or answer officer's questions did not furnish reasonable grounds for detaining individual even momentarily). As the Tenth Circuit explained:
If refusal of consent were a basis for reasonable suspicion, nothing would be left of Fourth Amendment protections. A motorist who consented to a search could be searched; and a motorist who refused consent could be searched, as well. With considerable understatement, this Court has observed that the requirements of reasonable suspicion and probable cause for warrantless searches and seizures would be considerably less effective if citizens' insistence that searches and seizures be conducted in conformity with constitutional norms could create the suspicion or cause that renders their consent unnecessary.
United States v. Santos, 403 F.3d 1120, 1126 (10th Cir. 2005) (quotation omitted)
¶ 33. This principle applies regardless of whether the search at issue involves a person's car or a person's breath: There is no logical distinction between the two scenarios. Both involve using an individual's exercise of constitutional rights by refusing to consent to a warrantless search as a factor supporting reasonable suspicion, *1240 probable cause, or guilt. In both cases, admitting the refusal evidence to support what is essentially a probable-cause determination would create the same Catch-22 noted by the Tenth Circuit-heads I win, tails you lose.
¶ 34. Finally, I don't understand the majority's attempt to distinguish consideration of the PBT to demonstrate that the defendant was guilty of driving under the influence (DUI) from consideration of the test to demonstrate that the officer had reasonable grounds to believe that defendant was guilty of driving under the influence. Whether the issue before the jury was the officer's reasonable grounds to believe that defendant was driving under the influence (for purposes of the refusal charge), or the jury's assessment of whether defendant was, in fact, driving under the influence (for purposes of the DUI charge), the inference purportedly supported by the refusal evidence, as opposed to the measure of proof required to establish the element in question, was the same. In both cases, the only possible theory of relevance was that evidence of defendant's refusal to consent to the warrantless search has some probative value as to the likelihood that she was driving under the influence. This is precisely the inference court after court has recognized is constitutionally proscribed.[8]
¶ 35. The majority suggests otherwise, asserting that "[a]dmitting defendant's PBT refusal to prove her guilt to DUI is different from admitting the PBT refusal to evaluate whether the officer had reasonable grounds to ask for an evidentiary test when the existence of reasonable grounds is an issue to be decided." Ante, ¶ 18. If it violates the defendant's due process rights to introduce evidence that she exercised her constitutional right to refuse the PBT in order to show that she had some consciousness of guilt and was therefore more likely to have been guilty beyond a reasonable doubt of DUI, it violates those same rights to introduce the refusal evidence to show that she had some consciousness of guilt such that the officer had probable cause to believe she was guilty of DUI. In both cases, the jury is invited to infer from her refusal that she had some consciousness of guilt that made it more likely that she was driving under the influence. In one case, the jury was asked whether the State had proven her guilt to DUI beyond a reasonable doubt, and in the other, the jury was asked whether the officer had reasonable grounds to suspect she was guilty of DUI-but the inference from her refusal to take the PBT to an increased likelihood that she was driving under the influence is the same.
¶ 36. The majority rightly notes that the fact that evidence is not admissible at trial does not mean that it cannot be considered by an officer in determining whether there is probable cause. Ante, ¶ 18 n.5 (citing Brinegar v. United States, 338 U.S. 160, 173, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) ). As the U.S. Supreme Court explained in that case, under the rules of evidence, "Much evidence of real and substantial probative value goes out on considerations irrelevant to its probative weight but relevant to possible misunderstanding or misuse by the jury." 338 U.S. at 173, 69 S.Ct. 1302. The Court recognized the different purposes of the "probable cause" requirement and the State's burden to prove to a jury defendant's guilt beyond a reasonable *1241 doubt. Accordingly, it found no error in the trial court considering, in connection with a suppression motion concerning probable cause, an officer's prior arrest of a defendant for illegal transportation of liquor several months before the contested search but then excluding the same evidence from the trial on guilt.
¶ 37. But the fact that not all evidence that is inadmissible at trial is impermissible for the purpose of establishing probable cause does not mean that the probable-cause determination can rest, even in part, on evidence and inferences that are constitutionally proscribed. If the theory of relevance with respect to refusal-or, more specifically, with respect to the officer's reasonable grounds to request an evidentiary test-is something other than an inference of consciousness of guilt on the basis of defendant's exercise of his constitutional right to refuse the PBT, the majority has not explained what that theory would be or why the Constitution allows the State to use defendant's refusal to consent to the PBT in the one setting, even if not the other.
¶ 38. For the above reasons, the trial court's admission of evidence that defendant refused to waive her Fourth Amendment rights by consenting to a warrantless search in the form of a PBT was erroneous-both as to the charge of DUI and the charge of criminal refusal of an evidentiary test.
II. Harmless Error
¶ 39. The erroneous admission of defendant's refusal to take the PBT was not harmless.[9] "For the error to be harmless, the reviewing court must find beyond a reasonable doubt that the jury would have returned a guilty verdict regardless of the error. When the error involves improper admission of evidence, the error cannot be harmless if there is a reasonable possibility that the evidence complained of might have contributed to the conviction." State v. Oscarson, 2004 VT 4, ¶ 30, 176 Vt. 176, 845 A.2d 337 (quotations omitted).
¶ 40. Defendant's conviction for criminal refusal was far from assured. To find defendant guilty of criminal refusal, the jury had to find, beyond a reasonable doubt, that the officer had reasonable grounds to suspect her of driving under the influence and reasonably requested the evidentiary test. As the majority rightly notes, "reasonable grounds" in this context is essentially *1242 "probable cause." Ante, ¶ 20. The jury making this determination acquitted defendant of the actual DUI charge. Although the jury's determination that the State had not sustained its burden beyond a reasonable doubt is not dispositive, it reflects that the evidence that defendant was driving under the influence is far from a slam dunk.
¶ 41. The evidence of the officer's probable cause was his direct-examination testimony that: (1) he observed defendant walking to her car from the direction of a bar; (2) he observed defendant driving ten miles per hour over the speed limit; (3) on his second visit to defendant's vehicle after making the stop, but not the first, he "could faintly smell alcoholic drinks coming from inside of the car"; (4) on his second visit but not his first he observed defendant's speech was "somewhat slurred"; (5) on his second visit but not his first he observed defendant's eyes "appeared to be kind of watery"; (6) he observed defendant exhibiting three clues when she performed the walk-and-turn test; and (7) he observed defendant exhibiting one clue when she performed the one-leg stand test. On cross-examination, he added that he heard some slurred speech during his first visit to defendant's car. The jury saw dashcam video of the stop, including of the walk-and-turn and one-leg stand tests, though defendant's lower legs and feet were sometimes blocked from view by the hood of the patrol car. Defendant gave testimony offering innocent explanations for each of the items testified to by the officer, including exhaustion, that any smell of alcohol was because she had just finished a shift of waitressing, during which she had served drinks and alcohol had spilled on her, and-with regard to the dexterity tests-a bad ankle and that the ground was uneven and rocky. The officer also testified to the ground being "slanted" and "uneven" and to the presence of "some loose stones on top of the dirt."
¶ 42. With only that evidence in mind, and no evidence of the PBT refusal, a reasonable jury could have concluded beyond a reasonable doubt that the officer had probable cause to request an evidentiary test. This evidence was sufficient to get to a jury on the refusal charge. But I cannot conclude beyond a reasonable doubt that it would have credited all of the officer's testimony and concluded that the officer's observations supported probable cause. As noted, the jury did not believe beyond a reasonable doubt that defendant was driving under the influence, even, as explained in the jury instructions, "to the slightest degree." The jury saw video of defendant performing the field dexterity tests and, despite the officer's testimony regarding "clues," could have concluded that defendant's performance did not suggest that she was under the influence of intoxicating liquors. The jury heard the audio associated with the video and, despite the officer's testimony regarding slurred speech, could have concluded that defendant's speech was not particularly slurred. It is well within the realm of reasonable doubt that evidence of her PBT refusal tipped the scales for the jury in its finding that the officer had probable cause to believe she was driving under the influence and reasonably requested the evidentiary test. And such probable cause, or "reasonable grounds," is an essential element of the criminal refusal charge.
¶ 43. Because "there is a reasonable possibility that the evidence complained of might have contributed to the conviction," Oscarson, 2004 VT 4, ¶ 30, 176 Vt. 176, 845 A.2d 337 (quotation omitted), I would vacate defendant's conviction and remand for a new trial on the refusal charge in which evidence of defendant's refusal to submit to the PBT is excluded.
*1243 ¶ 44. I am authorized to state that Justice Skoglund joins this dissent.

For reasons set forth by Justice Johnson in her concurrence in State v. Kinney, 2011 VT 74, ¶ 21, 190 Vt. 195, 27 A.3d 348, I have serious doubts about the relevance of the evidence that defendant refused the PBT, wholly apart from the constitutional considerations. However, I rest my dissent on the constitutional analysis.

See, e.g., United States v. Runyan, 290 F.3d 223, 249 (5th Cir. 2002) (declining to address question, but noting that "the circuit courts that have directly addressed this question have unanimously held that a defendant's refusal to consent to a warrantless search may not be presented as evidence of guilt"); United States v. Moreno, 233 F.3d 937, 940-41 (7th Cir. 2000) (recognizing that courts have held or suggested that government may not cite defendant's refusal to consent to warrantless search as evidence that defendant knew search would produce incriminating evidence); United States v. Dozal, 173 F.3d 787, 794 (10th Cir. 1999) ("We recognize that the failure to consent to a search cannot form any part of the basis for reasonable suspicion, ... and we note that asking a jury to draw adverse inferences from such a refusal may be impermissible if the testimony is not admitted as a fair response to a claim by the defendant or for some other proper purpose." (quotation and alteration omitted)); United States v. Thame, 846 F.2d 200, 205-08 (3d Cir. 1988) (holding that prosecutor's use of defendant's refusal to consent to warrantless search of his bag, in exercise of his Fourth Amendment rights, as evidence of guilt improperly penalized defendant's exercise of constitutional right); United States v. Turner, 39 M.J. 259, 262 (C.M.A. 1994) ("Refusal to consent to a warrantless search is privileged conduct which cannot be considered as evidence of criminal wrongdoing." (quotation and citation omitted)); Padgett v. State, 590 P.2d 432, 434 (Alaska 1979) (holding defendant "had a right under the [F]ourth [A]mendment to the Federal Constitution ... to refuse to consent to a search of all or part of his car. That right would be effectively destroyed if, when exercised, it could be used as evidence of guilt. It was error to admit testimony of defendant's refusal ...."); State v. Stevens, 228 Ariz. 411, 267 P.3d 1203, 1208-09 (Ariz. Ct. App. 2012) (holding trial court erred in permitting state to introduce as evidence of guilt that defendant invoked her Fourth Amendment rights and explaining, "If the Fourth Amendment is to provide rigorous protection against unlawful searches, occupants must not be dissuaded from exercising the right for fear of incurring a penalty in any subsequent criminal prosecution"); People v. Pollard, 2013 COA 31M, ¶ 32, 307 P.3d 1124 (holding "a person's refusal to consent to a search may not be used by the prosecution-either through the introduction of evidence or by explicit comment-to imply the person's guilt of a crime"); Gomez v. State, 572 So. 2d 952, 953 (Fla. Dist. Ct. App. 1990) ("Comment on a defendant's denial of permission to search a vehicle, although not exactly the same thing as comment on a defendant's right to remain silent, since the Fourth Amendment is involved rather than the Fifth, constitutes constitutional error of the same magnitude." (footnote omitted)); Garcia v. State, 103 N.M. 713, 712 P.2d 1375, 1376 (1986) (holding defendant's "refusal to allow the warrantless search cannot be used as proof of ... guilt"); State v. Jennings, 333 N.C. 579, 430 S.E.2d 188, 200 (1993) (recognizing that allowing police officers to testify that defendant refused to allow search of her hotel room and car unconstitutionally penalized defendant's exercise of her Fourth Amendment rights); Commonwealth v. Welch, 401 Pa.Super. 393, 585 A.2d 517, 520 (1991) ("[T]he assertion of a right cannot be used to infer the presence of a guilty conscience. ... The integrity of a constitutional protection simply cannot be preserved if the invocation or assertion of the right can be used as evidence suggesting guilt."); Simmons v. State, 308 S.C. 481, 419 S.E.2d 225, 226-27 (1992) (awarding post-conviction relief where defense counsel had failed to object to introduction of evidence that defendant had declined to allow warrantless search of his car, and to argument that this refusal suggested that defendant had something to hide); State v. Jones, 168 Wash.2d 713, 230 P.3d 576, 582 (2010) (en banc) (concluding that prosecutor's comments concerning defendant's refusal to provide DNA swab sample were improper because defendant had Fourth Amendment right to refuse to provide sample); State v. Banks, 2010 WI App 107, ¶ 24, 328 Wis.2d 766, 790 N.W.2d 526 ("[I]t is a violation of the defendant's right to due process for a prosecutor to comment on a defendant's failure to consent to a warrantless search. It has long been a tenet of federal jurisprudence that a defendant's invocation of a constitutional right cannot be used to imply guilt ...." (citations omitted)).

I do not rule out the possibility that, although the refusal evidence may not be admitted to show reasonable suspicion, probable cause, or guilt of DUI, in some cases it may be admissible for other purposes. See, e.g., Leavitt v. Arave, 383 F.3d 809, 828 (9th Cir. 2004) (per curiam) (prosecutor's comment on defendant's refusal to submit to blood test properly admitted "to attack his [unelicited] claim of cooperation").

I review this question applying a harmless-error standard because defendant objected to admission of the PBT refusal evidence multiple times during the DUI stage of the trial. The theory of admissibility at the DUI stage and the refusal stage was the same-that the refusal had some probative value as to the likelihood that defendant was driving under the influence. The only difference between the two stages of the trial was that the State's burden in the DUI phase was to prove that defendant was guilty of DUI beyond a reasonable doubt, whereas the State's burden in the refusal phase was to show probable cause to believe that defendant was driving under the influence. See State v. Perley, 2015 VT 102, ¶ 19, 200 Vt. 84, 129 A.3d 93. Moreover, the only additional evidence admitted at the refusal stage of the trial was evidence of defendant's prior conviction, which was a necessary element of the criminal-refusal charge under 23 V.S.A. § 1202(b). The evidence in the refusal stage did not replow the PBT-refusal ground. In considering whether the State had proven the essential elements of the refusal charge, the jury relied on the prior-conviction evidence as well as all of the evidence presented at the DUI stage, including the objected-to evidence of the PBT refusal. It's not clear when defendant should have or even could have re-raised the objection to the previously-admitted evidence. Even if the objection had not been properly preserved, for the same reasons outlined in my harmless-error analysis, I would conclude that admission of evidence so squarely violative of defendant's due process rights in light of the Fourth Amendment rose to the level of plain error.